1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12
13
14

ROLANDE JOSAINE
HEDDLESTEN,

    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

NO.  CV-12-3133-RHW

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
DENYING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

15
16
17
18
19

    Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Lisa Goldoftas.

20

**I.   Jurisdiction**

21
22

    On January 29, 2009, Plaintiff filed a Title II application for disability insurance benefits, alleging she has been disabled beginning June 30, 2005.

23
24
25
26
27

    Her application was denied initially on July 30, 2009, and again denied on reconsideration on September 21, 2009. A timely request for a hearing was made. On February 1, 2011, Plaintiff appeared at hearing in Yakima, Washington before Administrative Law Judge (ALJ) Donna W. Shipps. Dr. Lloyd Meadow, a medical expert also participated. Plaintiff was represented by attorney Chad Hatfield.

28

    The ALJ issued a decision on February, 2011, finding that Plaintiff was not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on August 22, 2012. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on October 29, 2012. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If she is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. § 404.1520(e).  If the claimant is able to perform her previous work, she is not disabled.  *Id.*  If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience?  20 C.F.R. § 404.1520(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity.  *Id.*

**III.   Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1   (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

2   *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance."

3   *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial

4   evidence is "such relevant evidence as a reasonable mind might accept as adequate

5   to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the

6   ALJ's denial of benefits if the evidence is susceptible to more than one rational

7   interpretation, one of which supports the decision of the administrative law judge.

8   *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can

9   support either outcome, the court may not substitute its judgment for that of the

10  ALJ." *Matney*, 981 F.2d at 1019.

11      A decision supported by substantial evidence will be set aside if the proper

12  legal standards were not applied in weighing the evidence and making the

13  decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th

14  Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are

15  immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec.*

16  *Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

17  **IV.   Statement of Facts**

18      The facts have been presented in the administrative transcript and the ALJ's

19  decision and will only be summarized here.

20      Plaintiff was 56 years old at the time of the hearing. She was born in France,

21  but moved to the United States when she was 19. She graduated from high school,

22  and obtained secretarial training. She has previously worked as a cashier, personal

23  trainer, and security officer. Her last employment was at Gold's Gym, where she

24  worked for 7 years. She reported that she quit work "in order to be the perfect

25  wife."[1] (Tr. 290.) Plaintiff suffers from a bipolar disorder, anxiety, depression and

26

27      [1] She reiterated this in 2008, when she indicated during her intake at the hospital

28  that her husband was controlling and abusive, and that he made her quit her job as

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4**

fatigue.

She had two psychiatric hospitalizations, one in 2005 and one in 2008. She also had two separate encounters with the police that occurred on the same day. In March, 2005, she went to the place of her former employment, and confronted one of the workers there for being "an evil woman" and would not leave. (Tr. 219; 289.)  The Sheriff was called to remove her. (Tr. 220.) Her husband came and got her and took her home. (Tr. 220.) An hour later, Plaintiff went to her husband's place of work and became disruptive and the police were called after she assaulted one of her husband's co-workers. (Tr. 220.) She ultimately was admitted to the hospital under the Involuntary Treatment Act, and remained hospitalized for five days. She was released without any medication because she refused treatment. During this time period, Plaintiff exhibited bizarre behaviors, including throwing out important documents, including passports, tearing up pictures of the family, not answering the door, and failing to respond to court orders regarding an eviction process.

Plaintiff began being seen by Vicki Love, ARNP for medication management, after her husband told her he would not come back to the marriage unless she took her medication. In late 2006 to early 2007, Ms. Love stopped her practice and moved to California.

In June, 2008, Plaintiff was again admitted to the hospital because she was running in and out of traffic, and had rapid and pressured speech, decreased judgment and increasingly bizarre behaviors at home. She had recently discontinued Celexa and had been placed on Lexapro. She quit taking Lexapro

---

a fitness training at Gold's Gym about 3 years prior, wanting her to stay home isolated and not speak to anyone including her family or previous friends. (Tr. 304.) At the hearing, Plaintiff explained that it was her first husband who did not want her to work. (Tr. 40.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

four days prior to her admission. (Tr. 304). She was deemed a danger to herself and she stayed in the hospital for five days, until she agreed to take her medication. Upon discharge, she was diagnosed with bi-polar disorder. A few months later, Plaintiff tried to work as a cashier, but she quit after three days due to anxiety. In 2009, she tried to volunteer at the hospital gift shop, but was unable to continue due to anxiety.  She is currently married and has two adult children from her first marriage.

**V.    The ALJ's findings**

The ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2007. (Tr. 21.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of June 30, 2005 through her date last insured of December 31, 2007. (Tr. 21.)

At step two, the ALJ found there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (Tr. 21.) As such, the ALJ found that Plaintiff was not disabled. (Tr. 23.)

**VI.   Issues for Review**

Plaintiff presents the following issues for review:

1.  Did the ALJ err in rejecting Plaintiff's claim as groundless at step two of the sequential evaluation process?

2.  Did the ALJ err in improperly rejecting the opinions of Plaintiff's treating and examining medical providers?

3.  Did the ALJ err in rejecting Plaintiff's testimony as well as the lay witness statements?

**VII.  Discussion**

In order to obtain disability benefits, Plaintiff must demonstrate that she was disable prior to her date of last insured (DLI). *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998). Here, the ALJ concluded her analysis at

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

Step Two, finding that Plaintiff did not have a severe impairment. This was in error. In doing so, the ALJ failed to consider medical evidence post-date of last insured evidence to determine whether Plaintiff had a severe impairment. Although Plaintiff has medical records pre-dating her onset date and post-dating her DLI, she does not have any medical records for the time period between the relevant time period–June 30, 2005 and December 31, 2007. The ALJ concluded this was fatal to Plaintiff's claim. Consequently, the ALJ never made a determination whether Plaintiff was currently disabled, and if so, what was the date of onset. This was in error.

The ALJ only focused on the time period between June 30, 2005 and December 31, 2007, and did not give proper consideration to all the relevant evidence. If the "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *Armstrong*, 160 F.3d at 590. Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) ("[R]etrospective consideration of evidence is appropriate when the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms.").

As SSR 83-20[2] explains:

---

[2]SSR 83-20 only applies where a claimant has been found disabled. *Armstrong*, 160 F.3d at 590. Here, the ALJ failed to make this determination because she stopped her analysis at Step Two, and rejected any medical evidence after the DLI. Notably, the ALJ rejected Dr. Vicker's opinion that would have supported a finding of disability because he treated Plaintiff after her DLI. (Tr. 23.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1    In some cases, it may be possible, based on the medical
2 evidence to reasonably infer that the onset of a disabling
impairment(s) occurred some time prior to the date of the first
3 recorded medical examination, e.g. the date the claimant stopped
working. How long the disease may be determined to have existed at
4 a disabling level of severity depends on an informed judgment of the
facts in the particular case. This judgment, however, must have a
5 legitimate medical basis. At the hearing, the administrative law judge
(ALJ) should call on the services of a medical advisor when onset
6 must be inferred...

7    If reasonable inferences about the progression of the
impairment cannot be made on the basis of the evidence in file and
8 additional relevant medical evidence is not available, it may be
necessary to explore other sources of documentation. Information
9 may be obtained from family members, friends, and former employers
to ascertain why medical evidence is not available for the pertinent
10 period and to furnish additional evidence regarding the course of the
individual's condition...

11    The available medical evidence should be considered in view
12 of the nature of the impairment (i.e. what medical presumptions can
reasonably be made about the course of the condition.).

13
14    Here, the ALJ noted that treating physician, Joseph Vickers, M.D. indicated

15 that the claimant would miss 4 or more days of work a month due to anxiety and

16 paranoia, but rejected this opinion because Dr. Vickers did not treat the claimant

17 for the time period at issue.[3] (Tr. 22.)  Additionally, the ALJ rejected Dr. Qadir's

18 opinion that Plaintiff had moderate limitations because he completed the form in

19 2010; rejected lay statements because none related to the relevant time period;

20 failed to consider other sources of documentation, namely the prescription log,

21 that covered the relevant time period, and failed to determine whether Plaintiff

22    [3]In November, 2010, Dr. Vickers completed a medical report for Plaintiff. (Tr.
23 406.) He noted that she needed to rest frequently and that her medications caused
24 notable drowsiness in her. *Id.* She had anxiety and anger when she is off her
25 medication and drowsiness when on her medication. *Id.* He concluded that
26 Plaintiff would need to go off her medications to work and would likely
27 destabilize. *Id.* He stated that these limitations had existed since at least July,
28 2008. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8**

1  was disabled after her DLI.

2      In this case, there is evidence of medical diagnoses of depression, anxiety

3  and bi-polar disorder in 2008. The ALJ failed to make any determination as the

4  onset date of these impairments. At the hearing, Dr. Meadow opined that Plaintiff

5  had no severe mental impairments through the date last insured, however, he did

6  not provide any opinion as to the onset date for the 2008 diagnoses. While he

7  agreed with the ALJ, when asked, that even subsequent to December 31, 2007,

8  Plaintiff did not have any conditions that would lead to a conclusion of disability

9  in 2008 and beyond, he also opined that it was reasonable for the 2008 diagnosis

10  of anxiety and bi-polar to relate back six months.[4]

11      The ALJ concluded her analysis as Step Two. Yet, if the 2008 diagnoses of

12  anxiety and bi-polar related back, at the minimum, the ALJ should have found at

13  Step Two that Plaintiff had severe impairments of anxiety, depression, and bi-

14  polar disorder. Also, in determining the onset date of Plaintiff's impairments to

15  properly conduct the Step Two analysis, it would be necessary to consider Dr.

16  Vicker's and Dr. Qadir's opinions, as well as the lay witness testimony and

17  prescription logs. The ALJ summarily rejected the opinions because these medical

18  providers did not treat Plaintiff for the time period at issue. This was in error.  The

19  record is not so persuasive as to rule out any linkage of Plaintiff's diagnoses in

20  2008 with her earlier symptoms. On the contrary, the record suggests a pattern of

21  disintegrating mental health. Also, the ALJ erred in failing to consider the lay

22  witness testimony because contrary to the ALJ's conclusions, the testimony did

23

24  [4]Dr. Meadows did not explain his conclusions, and it appears that he did not

25  consider Dr. Vicker's report in forming his conclusions. (Tr. 66.). Instead, it

26  appears he formed his opinion based on his believe that "because a person is on

27  anti-psychotic and anti-depression medication doesn't mean they are disabled

28  necessarily." *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

1  cover the time period in question and would be relevant pursuant to SSR 83-20.

2  *See Bird*, 699 F.3d at 342. ("[R]etrospective consideration of medical evidence is

3  especially appropriate when corroborated by lay evidence.").

4        Additionally, with respect to the 2005 psychiatric hospital, the ALJ

5  interpreted the medical evidence to suggest that her hospital stay was because of

6  marital problems, not a mental impairment. This interpretation is not supported by

7  the record. It is true that during her stay, Plaintiff maintained there was nothing

8  wrong with her, she was simply having marital problems. (Tr. 289.) The admitting

9  doctor concluded that her insight was poor, notably, concluding that her marital

10 difficulties "do not seem sufficient enough to explain the patient's current

11 hyperactivity and resultant dysfunctional behaviors." Thus, while Plaintiff

12 believed her marital problems caused her hospital admission, the medical staff did

13 not. Also, at the hearing, Plaintiff explained that her mental illness caused her to

14 imagine that her husband did not love her and wanted to kill her. (Tr. 42.) She

15 stated that her husband was a good husband.

16 **VIII. Conclusion**

17       The ALJ committed legal error by failing to make a finding whether

18 Plaintiff was disabled after her DLI; failing to determine the onset date of

19 Plaintiff's impairments and concluding her analysis at Step Two; and by failing to

20 consider properly all the record evidence. As such, it is necessary to remand this

21 case to the ALJ for further proceedings.

22       Accordingly**, IT IS HEREBY ORDERED:**

23     1.  Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

24     2.  Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

25     3.  The decision of the ALJ denying benefits is **remanded** to the Social

26 Security Administration for further proceedings consistent with the Order.

27 ///

28 ///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10**

1    4.  The District Court Executive is directed to enter judgment in favor of

2  Plaintiff and against Defendant.

3        **IT IS SO ORDERED.** The District Court Executive is hereby directed to

4  file this Order and provide copies to counsel, and **close the file**.

5        **DATED** this 2nd  day of April, 2014.

6

7                    _s/Robert H. Whaley_

8                    ROBERT H. WHALEY
                     United States District Judge
9

10

11  Q:\RHW\aCIVIL\2012\Heddlesten (SS)\sj.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11**